IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ACRADYNE CORPORATION, and AUTOMOTIVE INDUSTRIAL MARKETING CORPORATION (AIMCO), Plaintiffs, | CV. 04-1526-PK (LEAD) CV. 05-688-PK (CONSOLIDATED) |
| v. | OPINION AND ORDER |
| EURO-HERRAMIENTAS, S.A.U., Defendant. | |

PAPAK, Magistrate Judge:

Following trial in the above matter, the jury returned a verdict in favor of Plaintiffs Automotive Industrial Marketing Corporation and Acradyne Corporation ("AIMCO/AcraDyne") on their breach of contract and open account claims and awarded damages in the amount of $164,575 together with interest in the amount of $92,000. The jury also found for AIMCO/AcraDyne on Defendant Euro-Herramientas' ("Euro") claims for fraud and breach of express warranty. The jury found for Euro on the claim of breach of implied warranty of

Page 1 - OPINION AND ORDER

merchantability or fitness for a particular purpose and awarded damages in the amount of $873,605.

Before the court now are the following post-trial motions: Plaintiffs' Motion for Judgment as a Matter of Law or a New Trial [No. 194]; Defendant's Motion for New Trial [No. 200]; Defendant's Motion for Attorney Fees, Prejudgment Interest and Costs [No. 202]; Plaintiffs' Bill of Costs [No. 206]; Plaintiffs' Motion for Attorney Fees [No. 207]; and Defendant's Request for Attorney Fees and Costs pursuant to FRCP 37 [Nos. 58 and 152]. For the reasons set forth on the record at oral argument on November 2, 2006, Plaintiffs' Motion for Judgment as a Matter of Law or a New Trial [No. 194] and Defendant's Motion for New Trial [No. 200] are DENIED.

## ATTORNEY FEES AND COSTS

AIMCO/AcraDyne's Request

AIMCO/AcraDyne claims entitlement to attorney fees and court costs pursuant to the AcraDyne Marketing Partner Agreement, which provides in relevant part that: "Marketing Partner [Euro] agrees to pay company reasonable attorney's fees and court costs if its account with ACRADYNE is placed for collection." AIMCO/AcraDyne seeks an award of attorney fees in the amount of $438,868.89 and costs in the amount of $11,884.84, as prevailing party on its breach of contract and open account claims, and on Euro's claim for breach of express warranty.[1]

Euro argues that, despite the terms of the Marketing Partner Agreement, AIMCO/AcraDyne is not entitled to fees and costs because it was not the prevailing party in this

---

[1] AIMCO/Acradyne also prevailed on Euro's fraud claim but neither party claims an entitlement to attorney fees on that claim.

litigation. Citing Meduri Farms, Inc. v. Robert Jahn Corp., 120 Or. App. 40, 44 (1993), Euro argues that there can only be one prevailing party for the purpose of an award of attorney fees and the prevailing party is the party who receives the net award, in this case Euro. However, subsequent to Meduri Farms, the Oregon Legislature adopted ORS § 20.077, which provides that the prevailing party must be determined on a claim-by-claim basis. See Robert Camel Contracting, Inc. v Krautscheid, 205 Or. App. 498, 504 (2006). Despite its reliance on Meduri Farms, Euro argues that this court cannot apply ORS § 20.077 because it is procedural in nature and therefore preempted by federal law.

In a diversity case, state law generally governs the question whether there is a right to attorney fees. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975) (In "an ordinary diversity case," a state law governing the award of attorney fees, "which reflects a substantial policy of the state, should be followed."); accord Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir. 1983) (state law governs award of attorney fees in diversity actions). The determination of prevailing party and the method of calculating a fee is an inherent part of the substantive right to the fee itself and also reflect a substantial policy of the state. See, e.g., Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1995). This court, sitting in diversity, will apply Oregon law to determine the prevailing party in this litigation.[2] Reviewing the jury's verdict on a claim by claim basis, I find that AIMCO/AcraDyne is the prevailing party on its contract and open account claim and on Euro's counterclaim for breach of express warranty, and is thereby entitled to an award of fees and costs.

---

[2] Euro does not suggest that there is a clear conflict of law involving ORS § 20.077 and federal law. Applying either federal or Oregon law, I would reach the same result.

Page 3 - OPINION AND ORDER

AIMCO/AcraDyne requests attorney fees in the amount of $438,868.89. Euro argues that the court should deny or significantly reduce AIMCO/AcraDyne's attorney fee request because: 1) AIMCO/AcraDyne did not prevail on the "vast majority" of issues; 2) Euro's claims were interrelated; 3) AIMCO/AcraDyne is not entitled to fees related to claims upon which Euro prevailed; and 4) AIMCO/AcraDyne did not comply with F.R.Civ. P. 54.

The first three arguments can be addressed simultaneously. Euro's position is that it should recover all its fees and costs because "all of Euro's claims, including fraud, were based on the same core facts and transactions and were all interrelated and relevant to one another. As such, the time and effort expended in discovery and litigation to prove Euro's claims cannot be determined on a claim-by-claim basis." Euro's Memorandum in Opposition to AIMCO's Petition for Attorney's Fees and Costs and Opposition to AIMCO's Bill of Costs at 6. On the other hand, according to Euro, AIMCO/AcraDyne did not prevail on the "vast majority" of issues, and minimal discovery was expended on its contract and open account claims. While I agree with Euro's characterization of the claims in this case as interrelated, I do not agree with its conclusion as to the award of fees and costs.

I find that all of the claims in this case were inextricably interwoven and I decline to attempt to award fees on a claim by claim basis for either party. The core of this litigation involved whether and to what extent the tools sold by AIMCO/AcraDyne to Euro were defective and failed to perform the functions for which they were designed and purchased. Euro's affirmative defenses to AIMCO/AcraDyne's complaint allege material breach of contract by AIMCO/AcraDyne as well as breach of express warranty and implied warranties of merchantability and fitness for a particular purpose. In its Amended Complaint in the

consolidated case, Euro alleged fraud and negligent misrepresentation. Thus, to win on its contract and open account claims, AIMCO/AcraDyne had to succeed on or at least mitigate Euro's affirmative defenses and counterclaims. In fact, AIMCO/AcraDyne was successful in that regard, receiving a jury verdict not only on its contract claims but on Euro's claim for fraud and breach of express warranty.[3] Therefore, I will not reduce AIMCO/AcraDyne's claim for fees to either $8,365.50 or $18,225.50 as suggested by Euro.

     Euro also claims that AIMCO/AcraDyne is not entitled to attorney fees as it has not complied with F. R. Civ. P. 54. Euro does not argue that AIMCO/AcraDyne's fee request is unreasonable or that specific items in the detailed records should be excluded from the calculation. Instead, Euro claims that AIMCO/AcraDyne has failed to adequately justify the reasonableness of its fee request. I disagree. Having reviewed AIMCO/AcraDyne's fee request in detail and considering the factors set forth in ORS § 20.075, I award attorney fees in the amount of $438,868.89. I make this award based, in part, on the following considerations. This was a difficult and complex case involving extensive discovery, often through use of the Hague Convention, in Europe. AIMCO/AcraDyne's hourly rate is consistent with the rate charged by large law firms in the Portland area. AIMCO/AcraDyne was not only successful on the claims contained in its complaint, but was successful in defending Euro's claims of fraud, negligent representation and breach of express warranty. Finally, I note that the hours expended by AIMCO/AcraDyne on this litigation appear reasonable and that, for the same litigation, Euro seeks a recovery of fees that exceeds AIMCO/ACraDyne's request by over $180,000.

---

[3] AIMCO/AcraDyne also prevailed on Euro's claim of negligent misrepresentation which was dismissed following a motion pursuant to F.R.Civ. P. 50(a).

AIMCO/AcraDyne requests costs in the amount of $11,884.84. Euro argues that AIMCO/AcraDyne's costs are not legally substantiated. I find that there is no legal basis for awarding costs for Westlaw charges, see <u>Guinasso v. Pacific First Federal Sav. and Loan Ass'n</u>, 100 F.R.D. 264 (D. Or. 1983) (use of computerized legal research not allowable cost), and reduce AIMCO/AcraDyne's cost bill by $5,369.06. AIMCO/AcraDyne is awarded costs in the amount of $6,515.78.

<u>Euro's Request</u>

Euro claims entitlement to attorney fees pursuant to the AcraDyne Marketing Partner Agreement and ORS § 20.096(1), which provides in relevant part:

> In any action or suit in which a claim is made based on contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether the party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

Euro seeks an award of attorney fees in the amount of $622,122.50 and costs in the amount of $69,920.95 under this reciprocity statute as prevailing party on its breach of implied warranty claim.[4]

AIMCO/AcraDyne argues that Euro is not entitled to fees and costs under ORS § 20.096 because Euro did not prevail on a contract claim but, instead, prevailed on a statutorily based breach of implied warranty claim. I do not agree. Under the Uniform Commercial Code ("UCC"), an implied warranty, unless expressly disclaimed by the parties, is implied in the

---

[4] Euro also claims that AIMCO/AcraDyne stipulated that Euro is entitled to attorney fees in the pretrial order. AIMCO/AcraDyne disputes this claim. Since I find that Euro is entitled to fees and costs pursuant to ORS § 20.096, I will not address this claim.

Page 6 - OPINION AND ORDER

contract, here the AcraDyne Marketing Partner Agreement. See UCC § 2-314/ORS § 72.3140 (implied warranty of merchantability); UCC § 2-315/ORS § 72-3150 (implied warranty of fitness for a particular purpose). Since the implied warranties arise out of the AcraDyne Marketing Partner Agreement, Euro is entitled to fees and costs under that agreement and the reciprocity provision of ORS § 20.096 as prevailing party on its breach of implied warranty claim.

AIMCO/AcraDyne next argues that Euro's contingent fee agreement caps any potential recovery of fees. Again, I disagree. A contingent fee agreement is one factor to consider in determining the reasonableness of an attorney fee request, see ORS § 20.075(2)(h), but does not alone limit the amount of fees to be awarded. See Blanchard v. Bergeron, 489 U.S. 87, 95-96 (1989) (reasonable attorney fee could exceed contingency fee in civil rights litigation).

Next AIMCO/AcraDyne argues that Euro seeks fees for claims and motions upon which it did not prevail. For the reasons discussed above in connection with AIMCO/AcraDyne's claim for fees, I find that all of the claims in this case were inextricably interwoven and I will not award fees on a claim by claim or a motion by motion basis, but will review the reasonableness of Euro's request in light of the overall relief obtained in relation to the hours reasonably expended on the litigation. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

Finally, AIMCO/AcraDyne claims that Euro did not properly document its fees and seeks a variety of unreasonable, excessive and redundant fees. Having reviewed Euro's fees request in the amount of $622,122.50 in light of AIMCO/AcraDyne's specific objections and the factors set forth in ORS § 20.075, I award attorney fees in the amount of $570,472.50. In making this award, I considered the following factors. This was a difficult and complex case involving

extensive discovery, including discovery in Europe. Euro's hourly rate is consistent with the rate charged by other large law firms in the Portland area. Euro was the prevailing party on its breach of implied warranty claim and the damages awarded, exclusive of interest, exceed those awarded to AIMCO/AcraDyne by almost $700,000. I've also considered that counsel for Euro worked under a contingency fee agreement and was based in Michigan.

In granting this award, I offer the following specific comments. I have reduced Euro's requested fees by $20,000 to reflect duplication of attorney billing at depositions and a reduction in the time spent on the Portland depositions of Mike Farias, Luc Kage and Jim Mitchell.[5] I have also reduced Euro's fee request by $31,650; that is addressed below in connection with Euro's request for fees pursuant to F.R.Civ. P. 37(c)(2). I have carefully considered AIMCO/AcraDyne's other arguments in support of a further reduction of Euro's fee request and reject them.

Euro requests costs in the amount of $69,920.95. AIMCO/AcraDyne argues that an award of costs is precluded because Euro failed to file a bill of costs as required by local rule, and that, in any event, Euro seeks costs not permitted by 28 U.S.C. § 1920. Euro responds that it is not limited by § 1920 because it seeks costs pursuant to the Marketing Partner Agreement and ORS § 20.096. Whether Euro is seeking costs pursuant to the Marketing Partner Agreement, ORS § 20.096 or 28 U.S.C. § 1920, I will evaluate the reasonableness of that request, in the absence of authority to the contrary, by reference to the provisions of § 1920.

I find that Euro's request for "Miscellaneous" expenses in the amount of $3,970.23 lack

---

[5] AIMCO/AcraDyne request that I further reduce Euro's fees based duplication of effort at trial but I decline to do so, finding that in light of the complex nature of the issues raised, hours billed for trial were neither excessive nor duplicative.

Page 8 - OPINION AND ORDER

specificity and supporting documentation and should not be included in a cost award. I also find no basis for awarding costs for travel ($16,605.52), meals ($108), Westlaw charges ($4,698.63) and consultant fees ($16,065.34). I therefore reduce Euro's request by $41,339.72 and award it costs in the amount of $28,581.23.

## PREJUDGMENT INTEREST

Euro seeks an award of prejudgment interest in the amount of $142,719.16 on its recovery of $873,603 compensatory damages for its breach of implied warranty claim. AIMCO/AcraDyne does not dispute Euro's calculation of prejudgment interest but argues that Euro is not entitled to the requested award because: 1) the verdict did not provide for a recovery of prejudgment interest; and 2) Euro's damages in this case were not ascertained or readily ascertainable.

A federal court sitting in diversity must look to applicable state law for a determination of prejudgment interest. James B. Lansing Sound, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA, 801 F.2d 1560, 1569 (9th Cir. 1986). The relevant statute here is ORS § 82.010. Prejudgment interest on liquidated damages in a breach of contract case begins to run when: 1) the exact amount of damages is either ascertained or easily ascertainable; and 2) the time from which interest runs is easily ascertainable. Erickson Hardwood Co. v. North Pacific Lumber Co., 70 Or. App. 557, 569 (1984), rev. denied, 298 Or. 705 (1985). Statutory prejudgment interest must be determined by the court after trial, not by the jury during trial. See, e.g., Cascade Corp. v. American Home Assurance, Co., 206 Or. App. 1, 15-16 (2006).

The parties need not agree on the amount of damages in order for an award of prejudgment interest to be proper. Erickson, 70 Or. App. at 569-70. Euro's damages were

Page 9 - OPINION AND ORDER

readily ascertainable based on invoices and payments made by Euro to Stanley to purchase tools to replace the defective AIMCO/AcraDyne tools. The date of payment from Euro to Stanley, reflected in Euro's invoices, see Exh. F to Euro's Brief in Support of its Motion for Prejudgment Interest and Attorney's Fees and Costs, is the date upon which prejudgment interest begins to run on that amount.

Based on the foregoing, Euro is entitled to prejudgment interest in the amount of $142,719.16.

## RULE 37(C)(2) EXPENSES

Euro seeks an award of attorney fees in the amount of $31,650 and costs in the amount of $6,733.36 pursuant to F.R.Civ. P. 37(c)(2) associated with proving that tools sold by AIMCO/AcraDyne to Euro were not CE certified.[6] AIMCO/AcraDyne argues that Euro is not entitled to an award pursuant to Rule 37 under the facts of this case and that if Euro is entitled to an award, there are "meritorious objections of unreasonableness, unnecessary time and effort, redundancy and excessiveness" in its claim.

Central to the controversy between the parties was Euro's claim that the tools sold by AIMCO/AcraDyne for resale in Europe did not comply with all applicable European Union ("EU") directives and, thus, were not CE certified. On April 14, 2006, Euro served Interrogatories, Requests for Admissions, and Request for Production of Documents on AIMCO/AcraDyne, specifically requesting that AIMCO/AcraDyne admit that the tools it sold to

---

[6] Euro's claim for fees and costs was originally submitted to this court on June 23, 2006, as part of a motion for partial summary disposition. Euro's motion for summary disposition on the issue of CE certification was subsequently denied as moot and the issue of costs and attorney fees under Rule 37(c)(2) was taken under advisement.

Page 10 - OPINION AND ORDER

Euro did not comply with all applicable EU directives. On May 16, 2006, AIMCO/AcraDyne expressly denied that request. Subsequently, Euro filed a Motion for Partial Summary Disposition on the Issue of CE Certification of the AcraDyne Tools. Just prior to oral argument, AIMCO/AcraDyne admitted that the tools built and sold to Euro did not comply with all applicable EU directives and, thus, were not CE Certified.

Rule 37(c)(2) instructs this court to award reasonable fees and costs unless it finds one of the listed explanations for failure to admit or that "there was another good reason for the failure to admit."[7] Based on the record, I find that AIMCO/AcraDyne's failure to admit in a timely fashion that the tools it sold to Euro were not CE certified is not excused under Rule 37(c)(2)(A)-(D), and that Euro is thereby entitled to an award of fees and costs.

Having concluded that an award of fees and costs is appropriate, if not mandated, I award $23,012.50 for attorney fees and $4,700 for costs. In making this award, I offer the following comments.

As to attorney fees, AIMCO/AcraDyne does not object to the hourly rates used to determine the fee and I find those rates to be reasonable. The deposition of Mark Momola was taken in connection with two cases involving the sale of AIMCO/AcraDyne tools for resale in Europe and I have reduced the attorney fee award by half to reflect that fact. 96 hours were billed for work by JKW briefing the motion for summary judgment on CE issue. I have reduced

---

[7] AIMCO/AcraDynes's late admission does not shield it from sanctions under Rule 37(a)(2). See Johnson International Co. v. Jackson Nat'l Life Ins. Co., 812 F. Supp. 966, 988 (D. Neb. 1993) ("While a party may reduce its exposure for fees and expenses by making an appropriate concession in the pretrial order, such a concession will not provide the party with a safe harbor for the prior ill-advised denial where the adverse party has spent time and money to prove the fact denied.").

those hours to 60. There is no explanation why two attorneys were required to prepare for and take the telephone deposition of Richard Noble. I thus reduced the request by three hours charged by JKW.

As to costs, Rule 37(c)(2) allows payment of expenses incurred in connection with proving that the tools were not CE certified. Euro has offered no explanation as to how FedEx costs in the amount of $2,033.36 related to that proof. I have therefore not allowed that cost.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Judgment as a Matter of Law or a New Trial [No. 194] and Defendant's Motion for a New Trial [No. 200] are DENIED. Both Plaintiffs' and Defendants motions for attorney fees and costs [Nos. 202, 206, 207] are GRANTED. Plaintiffs are awarded attorney fees in the amount of $438,868.89 and costs in the amount of $6,515.78. Defendant is awarded attorney fees in the amount of $570,472.50 and costs in the amount of $28,581.23. Defendant's request for prejudgment interest [No. 202] is GRANTED, and Defendant is awarded prejudgment interest in the amount of $142,719.16. Defendant's motion for Rule 37(c)(2) expenses [Nos. 58 and 152] is GRANTED and Defendant is awarded attorney fees in the amount of $23,012.50 and costs in the amount of $4,700.

Dated this 12th day of January, 2007.

    /s/ Paul Papak  
Honorable Paul Papak  
United States Magistrate Judge